IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:10-CV-63-FL

| | | |
|---|---|---|
| MIGUEL MALDONADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JANET NAPOLITANO, | ) | |
| Secretary of the Department of Homeland | ) | |
| Security, and the BUREAU OF | ) | |
| IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the motion (D.E. 25) by defendants Janet Napolitano, Secretary of the Department of Homeland Security, and United States Immigration and Customs Enforcement ("ICE") ( collectively, "the government") to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also before the court is the motion (D.E. 28) by pro se plaintiff Miguel Maldonado ("plaintiff") to cancel the detainer issued against him by ICE while this action is pending. These motions have been fully briefed.[1] For the reasons set forth below, the government's motion to dismiss will be granted, and plaintiff's motion to cancel the ICE detainer will be denied as moot.

## BACKGROUND

### I. PLAINTIFF'S COMPLAINT

On November 18, 2010, plaintiff filed a motion for leave to proceed *in forma pauperis*

---

[1] The government's motion to dismiss is supported by argument included in the motion and eight exhibits (D.E. 25-1 through 25-8). Plaintiff filed a memorandum in opposition (D.E. 27) with exhibits (D.E. 27-1). Plaintiff's motion to cancel the ICE detainer is supported by argument included in the motion. The government filed a memorandum in opposition (D.E. 29), and plaintiff filed a reply (D.E. 30).

("IFP") along with his proposed complaint. The complaint consists of a completed form (D.E. 1-1 (as proposed) & D.E. 7 (as subsequently filed)), which contains virtually no substantive allegations, and a motion by plaintiff for naturalization (D.E. 3)[2] ("motion for naturalization" or "Mot. for Nat.") with exhibits (D.E. 3-1 through 3-12), which is in effect incorporated by reference into the complaint form and contains the substance of plaintiff's claims.[3] Plaintiff's motion to proceed IFP was referred to a magistrate judge for a frivolity review. By order entered July 6, 2011 (D.E. 6), the magistrate judge allowed plaintiff's motion to proceed IFP. The order further directed the Clerk to file plaintiff's complaint and issue his prepared summonses, and directed the United States Marshal to serve the summonses and a copy of the complaint on defendants. On that same date, the Clerk filed plaintiff's complaint as directed.

In his complaint, plaintiff alleges that he, a native and former citizen of Peru, is entitled to be naturalized as a citizen of the United States pursuant to 8 U.S.C. § 1440, which provides for naturalization of persons based on their service in the United States military. (Mot. for Nat. ¶¶ 1, 13). Specifically, he alleges that he served in the United States Army ("Army") from March 8, 1976 until March 8, 1979, during the Vietnam hostilities, and was honorably discharged. (*Id.* ¶¶ 2, 3). He further alleges that he submitted an application for naturalization that is dated December 12, 1978 and stamped as filed on March 15, 1979 ("1979 application").[4] (*Id.* ¶ 4, Ex. 3 (D.E. 3-4)).

---

[2] On September 9, 2011, the court entered an order (D.E. 11) denying this motion without prejudice given that the response time for the motion had passed long before defendants were served with the complaint. The order provided that plaintiff was free to re-file the motion after defendants had filed their answer to plaintiff's complaint. On September 19, 2012, plaintiff filed a motion (D.E. 12) seeking reconsideration of that order, which was denied on August 17, 2012 (*see* D.E. 31).

[3] Because the substantive allegations of plaintiff's complaint are set out in the incorporated motion for naturalization and exhibits to it, rather than the complaint form itself, the court will necessarily cite to the motion when referring to such allegations, rather than the complaint form.

[4] The 1979 application and related materials appear as Exs. 3 (D.E. 3-4) to 8 (D.E. 3-9) to the motion for naturalization. Each of these exhibits is a single page in length.

Following the filing of the 1979 application, plaintiff allegedly took and passed the naturalization examination on June 18, 1979. (Mot. for Nat. ¶ 5, Exs. 7 (D.E. 3-8), 8 (D.E. 3-9)). He further alleges that when he appeared before an officer with the then-Immigration and Naturalization Service[5] ("INS") regarding his application in February 1980, he was told that the government would oppose his application on the grounds that he had improperly enlisted in the Army. (Mot. for Nat. ¶ 6). Plaintiff asserts that he was erroneously led to believe that the government had made a final determination on his application, but later learned that his application had been deemed withdrawn. (*Id.* ¶¶ 6, 10). Plaintiff contends that the withdrawal of his application was a "forge[d] withdrawal" and that, despite the INS officer's representation, he was in fact eligible for naturalization under 8 U.S.C. § 1440 regardless of whether he had improperly enlisted. (*Id.* ¶¶ 6-10).

Plaintiff seeks a hearing in this court on his 1979 application pursuant to 8 U.S.C. § 1447(b) or § 1421(c). (*Id.* ¶¶ 11-12). Plaintiff requests relief in the form of a declaration by the court that he is entitled to be a naturalized citizen under 8 U.S.C. § 1440 and an order compelling ICE to naturalize him immediately. (*Id.*, Prayer for Relief at 7, ¶¶ 1-4). On January 31, 2012, in lieu of an answer, the government filed the motion to dismiss now before the court.

## II. PLAINTIFF'S 2003 HABEAS ACTION IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

In its motion to dismiss, the government represents that the issue of plaintiff's entitlement to naturalization was previously litigated in a habeas corpus action plaintiff brought in the United States District Court for the District of Maryland. *Maldonado v. ICE*, Civ. Act. No. JFM-03-2897

---

[5] ICE was created in 2003 through a merger of certain elements of the U.S. Customs Service and the INS. ICE website, http://www.ice.gov/about/overview/ (last visited Sep. 17, 2012). ICE is the main investigative arm of the U.S. Department of Homeland Security. *Id.*

3

(D. Md.). Although not referenced in the complaint, court documents from that case[6] submitted with the government's motion show that upon completion of his federal sentence for drug offenses on October 3, 2003, plaintiff was taken into custody by ICE pursuant to a deportation detainer. (Dismissal Mot., Ex. D (D.E. 25-4) at 2). He instituted the habeas corpus action pursuant to 28 U.S.C. § 2241 seeking a court decision on an application for naturalization he had filed in 1986 which remained pending[7] and challenging the lawfulness of his detention pursuant to the ICE detainer. (*Id.*). As in the current action, plaintiff asserted that he was entitled to naturalization on the basis of his military service pursuant to 8 U.S.C. § 1440. (*Id.*). In the memorandum decision dismissing plaintiff's habeas petition, filed June 24, 2004, the court summarized plaintiff's action as follows:

> The crux of the petition is Maldonado's claim that he cannot be deported because, in February 1986, he applied for citizenship to the United States under . . . 8 U.S.C. § 1440, based upon his three years of military service in the Army. . . . He seeks a decision on his naturalization application pursuant to 8 U.S.C. § 1421, *et seq.* . . . .

(*Id.*).

Upon examining plaintiff's application for naturalization, the court concluded that plaintiff

---

[6] Plaintiff has not disputed the accuracy of the following court records from the District of Maryland (or any of the other court records) submitted in connection with the government's dismissal motion, and the court takes judicial notice of them pursuant to Fed. R. Evid. 201: Dismissal Mot., Exs. A (Statement of Facts from plea agreement in case no. AW-8-08-CR-0392-001) (D.E. 25-1); D (Mem. Opinion dismissing habeas action in Civ. Act. No. JFM-03-2897) (D.E. 25-4); F (Crim. Judg. in case no. AW-8-08-CR-0392-001) (D.E. 25-6); G (Crim. Judg. in case no. JFM-1-91-CR-0287-001) (D.E. 25-7); and H (Order dismissing habeas action in Civ. Act. No. JFM-03-2897) (D.E. 25-8). *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (holding that "a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact"); *see also Briggs v. Newberry County Sch. Dist.*, 838 F. Supp. 232, 234 (D.S.C. 1992) ("When entertaining a motion to dismiss on the ground of *res judicata* or collateral estoppel, a court may judicially notice facts from a prior judicial proceeding.").

[7] In the order dismissing plaintiff's habeas action, the court noted that:

> [T]he 1986 petition for naturalization has been pending for these many years. For four years the petition was pending in the Pennsylvania federal district court. It was transferred here [District of Maryland] in 1990, but again remained dormant over the next fourteen years, thirteen years of which petitioner remained in custody on federal charges and convictions.

(Dismissal Mot., Ex. D at 9).

4

was not eligible[8] for naturalization because he did not satisfy the statutory requirement of good moral character. (Dismissal Mot., Ex. D at 8). Specifically, the court cited the following conduct, including criminal conduct, which occurred before and after his service in the Army as well as after the filing of his 1986 application for naturalization:

- In March 1976, he used a false birth certificate to enlist in the United States Army;

- In 1982, he gained readmission to the United States, by presenting a United States passport that he obtained through the use of the fraudulent birth certificate;

- In 1983 he was convicted under 18 U.S.C. § 1542 for false statement in the application and use of a United States passport for which he was sentenced to one to three years, with a probationary period of three years. His probationary period ended in May 1985, ten months before he filed his 1986 naturalization application; and

- He was convicted on federal drug charges in 1992[.]

(Dismissal Mot., Ex. D at 8-9).

### III. PLAINTIFF'S CURRENT LEGAL STATUS

Following the dismissal of his habeas action, ICE removed plaintiff from the United States on November 3, 2004. (*See* Dismissal Mot., Ex. A (D.E. 25-1)). Plaintiff then illegally reentered the United States on or about July 22, 2005. (*Id.*). Plaintiff pled guilty in the District of Maryland (case no. AW-8-08-CR-0392-001) to unauthorized reentry after deportation after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), and, on March 29, 2010, the court sentenced him to 48 months imprisonment. (*See* Dismissal Mot., Ex. F (D.E. 25-6) at 1-2). Plaintiff was also sentenced in that court (case no. JFM-1-91-CR-0287-001) to 10 months imprisonment for violating the terms of his supervised release relating to an earlier drug conviction

---

[8] In making its determination, the court applied the statutes that were in effect at the time the 1986 application was filed. (Dismissal Mot., Ex. D at 7-8).

to run concurrently with the sentence in the illegal reentry case. (*See* Dismissal Mot., Ex. G (D.E. 25-7) at 1-2). According to the government, plaintiff is presently serving these sentences at a facility in Georgia. (*See* Gov't Resp. to Mot. to Cancel Detainer (D.E. 29) at 1).

## GOVERNMENT'S DISMISSAL MOTION

### I. APPLICABLE LEGAL PRINCIPLES

#### A. Rule 12(b)(6) Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to

6

the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Edwards*, 178 F.3d at 244. However, bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 556 U.S. at 681. Further, as noted in footnote 6 above, when the affirmative defense of *res judicata* is raised in a motion to dismiss pursuant to Rule 12(b)(6), as the government has done in this case, "a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *See Andrews*, 201 F.3d at 524 n.1.

### B. *Res Judicata* Defense

The doctrine of *res judicata* precludes a party from asserting claims that have already been "'litigated to a final judgment by that party or such party's privies'" as well as "'any legal theory, cause of action, or defense which could have been asserted in that action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore *et al.*, *Moore's Federal Practice* § 131.10(1)(a) (3d ed. 2008)). The Fourth Circuit has articulated three elements that must be present for *res judicata* to prevent a party from raising a claim: "'(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)).

Further, *res judicata* "may apply even though the plaintiff in the first suit proceeded under a different legal theory. A prior judgment on the merits binds the parties 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but [also] as to

7

any other admissible matter which might have been offered for that purpose.'" *Aliff*, 914 F.2d 39 at 43 (quoting *Sea-Land Serv., Inc. v. Gaudet*, 414 U.S. 573, 579 (1974)). Moreover, "actual knowledge of a potential claim at the time of the first suit is not required for *res judicata* to apply. If the claim existed at the time of the first suit and might have been offered in the same cause of action, then it is barred by *res judicata* from being brought in a subsequent suit." *Id.* at 43-44 (internal quotations omitted).

## II. ANALYSIS

### A. Challenge to Jurisdiction under 8 U.S.C. §§ 1447(b) and 1421(c)

Although the government's motion is made pursuant to Rule 12(b)(6), rather than pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, the government contends that plaintiff's complaint fails to show that this court has jurisdiction to review his 1979 application under either of the two statutes on which he relies, 8 U.S.C. §§ 1447(b) and 1421(c). (Dismissal Mot. 7-8). Section 1447(b) provides for district court review when no determination on a naturalization application has been made within 120 days of the examination upon the application. Section 1421(c) provides for appeal to a district court upon denial of an application after exhausting any administrative remedies. The government contends the statutes are inapplicable on the grounds that the complaint shows that plaintiff withdrew the 1979 application.[9]

The court need not decide this issue because it has determined, as discussed below, that plaintiff's action is barred by *res judicata* and therefore can dispose of it without reaching the merits. *See Gonzalez-Cifuentes v. I.N.S.*, 253 Fed. Appx. 173, 175 & n.2 (3d Cir. 2007). In that case, the district court dismissed on grounds of *res judicata* a habeas action by an alien seeking

---

[9] The government did not address whether the enactment of sections 1447(b) and 1421(c) in 1990, well after submission by plaintiff of his 1979 application, would affect their applicability to this action. *See* Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat 4978.

8

review of an INS removal decision. In the alien's appeal, the government challenged the subject matter jurisdiction of the appellate court. The appellate court upheld the dismissal by the district court without addressing the issue of subject matter jurisdiction. It reasoned that "[b]ecause we do not reach the merits, we need not decide whether we lack subject matter jurisdiction." *Id.* (citing *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." (internal quotation marks and citation omitted))). As indicated, the same situation prevails in this action. The court accordingly declines to determine the applicability of 1447(b) and 1421(c) to this proceeding.

### B. Plaintiff's Claims as Barred under *Res Judicata* Doctrine

The government's other principal contention is that this action is barred under the doctrine of *res judicata* because the issue of plaintiff's entitlement to naturalization under 8 U.S.C. § 1440 has already been fully litigated in the United States District Court for the District of Maryland. The court agrees.

#### 1. Judgment on the Merits in a Prior Suit

The first of the three required elements necessary to support this affirmative defense—that the earlier action resulted in a judgment on the merits—is met. As provided in Rule 41(b) of the Federal Rules of Civil Procedure, dismissal of an action, except on the grounds of lack of jurisdiction, improper venue, or failure to join a party, operates as an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Maryland district court's dismissal of plaintiff's petition for habeas corpus relief was based on a determination that plaintiff was not statutorily eligible for naturalization under 8 U.S.C. § 1440 and not based on any of the excluded grounds specified by Rule 41(b). (Dismissal Mot., Ex. D at 8). Further, the dismissal

9

order did not provide that the dismissal was other than on the merits. (*Id.* Ex. H). Consequently, plaintiff has had a final adjudication on the merits on his claim that he is entitled to naturalization pursuant to 8 U.S.C. § 1440.

### 2. Same Parties or their Privies

It is also clear that the parties involved in the 2003 habeas case are substantially the same as those involved here. Plaintiff named ICE as both the respondent in the habeas action and as a defendant in the present action. The other defendant in this case is the Department of Homeland Security, sued formally in the name of the Secretary. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir. 1994) (holding that an action against a federal agency or federal officers in their official capacities is a suit against the United States). Because ICE is an agency within the Department of Homeland Security, it is in privity with that Department.

However, regardless of the relationship between ICE and the Department of Homeland Security, they are both subdivisions of the same government, the government of the United States of America. It is well settled that "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government." *Sunshine Coal Co. v. Adkins,* 310 U.S. 381, 402-03 (1940). Thus, the addition of the Department of Homeland Security as a party in the present action does not preclude satisfaction of the same party requirement because that Department is merely another part of the federal government.

Moreover, "the naming of additional parties does not eliminate the *res judicata* effect of a prior judgment 'so long as the judgment was rendered on the merits, the cause of action was the same and the party against whom the doctrine is asserted was a party to the former litigation.'" *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 249 (9th Cir.

10

1992) (quoting *Dreyfus v. First Nat'l Bank of Chicago*, 424 F.2d 1171, 1175 (7th Cir. 1970)). Accordingly, the court concludes that the same parties or privies requirement of the *res judicata* doctrine is satisfied.

### 3. Subsequent Suit Based on the Same Cause of Action

As to the third element—identity of cause of action—plaintiff is attempting to assert here the same cause of action that he asserted in the 2003 habeas action, namely, entitlement to naturalization pursuant to 8 U.S.C. § 1440. As discussed above, the Maryland district court reviewed plaintiff's 1986 application for naturalization under the law that was in effect at the time the application was filed and concluded that plaintiff could not meet the good moral character requirement for naturalization. On this basis, the court concluded that plaintiff did not qualify for naturalization and dismissed plaintiff's habeas action. The third and final requirement for application of *res judicata* is therefore met.

The court recognizes that in the instant action plaintiff is seeking the court's review of the withdrawn 1979 application and not the 1986 application.[10] However, to the extent that plaintiff is attempting to raise an alternative theory based on the 1979 application, he still seeks identical relief, naturalization, based on the same facts, his service in and honorable discharge from the Army.

Moreover, the record shows that the purported facts underlying his claims in this litigation, the purportedly forged withdrawal of the 1979 application and his being misled about its deniability, existed at the time of the 2003 habeas action and were available to him to assert in that proceeding. Plaintiff himself alleges in this case that the withdrawal was acted on by INS on

---

[10] In fact, as noted above, plaintiff makes no mention in his complaint of the 1986 application or the proceedings addressing that application in the District of Maryland.

11

February 12, 1980 and filed a record documenting such withdrawal. (Mot. for Nat. ¶¶ 9, 10, Ex. 8). The memorandum decision dismissing the habeas case also referenced the withdrawal, stating: "According to the petitioner's records, the petition for naturalization submitted in 1979, was withdrawn in February 1980." (Dismissal Mot., Ex. D at 8 n.1). Thus, it is clear that records generated in 1980 and therefore available to plaintiff at the time of the 2003 habeas action indicated the withdrawn status of the 1979 application and implicitly that it was purportedly forged since he contends he did not submit the withdrawal.

As to plaintiff's claim that he was misled that the 1979 application was deniable because of improper enlistment, plaintiff himself alleges that he became aware that the government was purportedly asserting this ground in February 1980. He states: "On February 7, 1980, Petitioner appears before an I.N.S. Officer Mr. Gossart regarding his naturalization application, [and] Petitioner was told that the Government would oppose his naturalization because he was not a permanent resident when enlisted in the United States Army as there existed improper enlistment." (Mot. for Nat. ¶ 6). Plaintiff also admits this "position was without legal foundation *at that time.*" (*Id.*). He then cites to case law predating the 2003 habeas proceeding holding that "improper enlistment . . . in the Armed Forces in the Vietnam Hostilities era **does not** bar naturalization." (*Id.*) (citing, *e.g.*, *In re Watson*, 502 F. Supp. 145, 150 (D.D.C. 1980) ("Improper induction or enlistment into the armed forces, with the knowledge of the armed forces, does not bar naturalization under [8 U.S.C. § 1440].")). Thus, plaintiff had information available to him long before the 2003 habeas action dispelling the notion that impropriety in his enlistment would bar his naturalization.

Although at the time of the 2003 habeas action plaintiff was apparently aware of the withdrawal of the 1979 application and may have been aware of his purportedly having been

12

Case 2:10-cv-00063-FL Document 32 Filed 09/18/12 Page 12 of 14

misled about the deniability of the application, it bears reiterating that actual knowledge of an alternative ground for relief or claim is not required to preclude a claim on the basis of *res judicata*. *See Aliff*, 914 F.2d 39 at 43-44. All that is required is that the "claim existed at the time of the first suit and might have been offered in the same cause of action." *Id.* Accordingly, irrespective of the extent of plaintiff's knowledge of the foregoing alleged facts at the time of the 2003 habeas action, their existence then precludes him from asserting them in this case as an alternative basis for his naturalization under 8 U.S.C. § 1440.

The court concludes that under the doctrine of *res judicata,* plaintiff's prior habeas action in the Maryland district court precludes the instant action seeking naturalization pursuant to 8 U.S.C. § 1440. *See Petition of Yarnie*, 565 F. Supp. 113, 114-15 (S.D.N.Y. 1983) (holding that petitioner's second application for naturalization based on his military service pursuant to 8 U.S.C. § 1440 was barred by the doctrine of *res judicata* where a Massachusetts state court had denied his first application under that same statute).

## PLAINTIFF'S MOTION TO CANCEL ICE DETAINER

Because the court concludes that plaintiff's action must be dismissed on the grounds of *res judicata*, plaintiff's motion to cancel the ICE detainer is moot. The court will therefore deny it as such.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the government's motion to dismiss (D.E. 25) is GRANTED, plaintiff's motion to cancel the ICE detainer (D.E. 28) is DENIED AS MOOT, and this case is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close the case.

This, the 15 day of September 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

14